UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X  Docket No. 13-CV-3111 (FB)(VMS)
VASILAKIS PANAYIOTO, on behalf of himself
and other Employees similarly situated,

       Plaintiff,    **DECLARATION OF RON TOBIA**

  -v-

DANICA GROUP, LLC, DANICA PLUMBING
& HEATING, LLC, DANICA PLUMBING &
HEATING CORP., COPPER HEATING &
PLUMBING, LLC, COPPER II HEATING &
PLUMBING, LLC; COPPER III HEATING &
PLUMBING, LLC, COPPER IV HEATING &
PLUMBING, LLC, STELLAR MECHANICAL
SERVICES OF NEW YORK, INC., STELLAR
MECHANICAL SERVICES OF N.Y., LLC, II,
STELLAR MECHANICAL CORP., JOHN DOE
1-10 (fictitiously named public or private
corporations and/or individuals),

       Defendants.
---------------------------------------------------------------X

  RONALD L. TOBIA, an attorney admitted to practice law in the State of New York and before the United States District Court for the Southern District of New York, hereby affirms under the penalties of perjury that:

  1. I am a partner with the firm of Tobia & Sorger Esqs., LLC ("T&S"), co-attorneys with the Law Offices of Michael A. Negri, P.C., Class Counsel in this action. I submit this affirmation in support of Plaintiffs' application for final approval of this class action settlement, along with an award for professional costs and fees, and for an incentive award to the Named Plaintiff. A copy of the Proposed Final Order is annexed hereto as Exhibit A.

  2. This action was brought pursuant to the Fair Labor Standards Act ("FSLA"), 29 U.S.C. §§206, 207 and 216(b), New York Labor Law §190 *et seq.*, New York Labor Law §§633

and 650 *et seq.*; 12 New York Codes, Rules and Regulations (hereinafter referred to as "NYCRR") §§137-1.2 and 12 NYCRR §137-1.3; to recover unpaid minimum wages and overtime compensation, owed to Vasilakis Panayioto (hereinafter referred to as the "Named Plaintiff"), and all similarly situated persons who are presently or were formerly employed by Danica Group, LLC, Danica Plumbing & Heating, LLC, Danica Plumbing & Heating Corp., Copper Heating & Plumbing, LLC, Copper II Heating & Plumbing, LLC, Copper III Heating & Plumbing, LLC, Copper IV Heating & Plumbing, LLC, Stellar Mechanical Services of New York, Inc., Stellar Mechanical Services of N.Y., LLC, II, Stellar Mechanical Corp. (hereinafter referred as "Danica") and/or any other entities affiliated with or controlled by Danica Group, LLC and/or Tommy Andreadakis (hereinafter collectively referred to as "Defendants").

3. Pursuant to Your Honor's November 16, 2016 Implementing Order annexed hereto as Exhibit "B," a Notice of Proposed Settlement and Release ("Notice") annexed hereto as Exhibit "C," was mailed to all class members at their last known address. In instances where the Notice was returned, a skip trace was performed and the Notice re-mailed to a new address if one could be obtained.

4. The publication and claims procedure was administered as follows:

| | |
|---|---|
| Class Notice and Claim Form Mailing Date: | December 15, 2016 |
| Number of Class Members | 81 |
| Undeliverable Notices | 0 |
| Opt-Outs | 0 |
| Objections to Settlement | 0 |
| Approved Claims | 36 |

2

5.      Currently, a fairness hearing under FRCP 23(e)(2) is scheduled for March 2, 2017 at 11:00 a.m. To date, no class members have objected to or opted out of the settlement.

6.      Through the diligent efforts of Class Counsel and the Named Plaintiff, class members would be ale to recover a significant amount of unpaid wages, as set forth in the Class Action Settlement.

### FINAL APPROVAL OF SETTLEMENT

7.      Final approval of the settlement reached in this case is warranted based upon the relief obtained for the Class in this action.

8.      The proposed settlement calls for the settlement fund to be distributed between plumbing and construction workers who failed to receive overtime, generally, for Saturday work, is to be distributed in accordance with the list of workers and amounts in Exhibit "D."

9.      The settlement contemplates recovery of certain damages owed to the class, while avoiding the risks associated with continued protracted litigation. Class Counsel was able to avoid the risks of continued litigation and trial by getting payment to Plaintiffs substantially sooner than would have occurred had the matter proceeded to trial and appeal, by creation of a settlement fund of $130,000.00 which will be paid to the class members who filed claim forms electing to participate in this action. [*See* Settlement Allocations annexed hereto as Exhibit D]

10.     Additionally, as a result of this settlement, employees who worked for Danica had an opportunity to recover unpaid wages after Your Honor conditionally certified this action as a collective action pursuant to 29 U.S.C. §21(b) on November 16, 2016, and a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on November 16, 2016.

11. No class members have objected to the settlement. To the contrary, Class Counsel communicated with a number of the Class prior to settlement, including the Named Plaintiff. In every instance these individuals indicated that the proposed settlement was fair. Based on Class Counsel's review of the payroll records, and our lengthy discussions with former employees, we believe that the proposed settlement constitutes an excellent recovery of what might have been obtained had this case proceeded to trial. Further, a $1,420,000.00 settlement fund was created in the companion case of *Thomas E. Perez, Secretary of Labor v. Tommy Andreadakis, et al.,* United States District Court for the Eastern District of New York, Docket No. 13-CV-5155(FB)(VMS). In essence, by receiving payment years earlier than they otherwise would – the settlement constitutes a clear benefit to the Plaintiffs, and the settlement should be approved by the Court.

12. T&S has significant experience prosecuting wage and hour claims and actions such as this one. T&S's extensive resume in the labor law, union and public works field is attached as Exhibit "E."

13. Pursuant to the proposed terms of the settlement, Class Counsel is entitled to fees and costs of $40,000.00. (*See* Settlement Agreement annexed hereto as Exhibit "G" at page 11, ¶32). Class Counsels' proposed fees represent 30.76% of the $130,000.00 Settlement Fund.

14. During the approximate three and one-half years of litigating this class, T&S has spent more than 326 attorney and paralegal hours prosecuting this case. T&S contemporaneous billing statements are annexed hereto as Exhibit "F."

15. To date, T&S's total loadstar on the case was less than "1," plus out of pocket costs in the amount of $2,306.19.

16. T&S's attorneys' fees are fair and reasonable under the percentage method and loadstar method. Additionally, claimants will receive 100% of their allocated settlements and will not pay any portion towards professional fees and costs.

17. Class Counsel undertook to prosecute this action without any assurance of payment of their services, litigating the case on a wholly contingent basis in the fact of tremendous risk.

18. Class Counsel spent considerable time over the past three years counseling dozens of clients and informing them about the progress of this case. The parties privately engaged in extensive settlement negotiations over a period of months. Preparation of these settlement negotiations were substantial and included reviewing time records, payroll records and other documentation, and speaking with clients about their claims. Class Counsel then had to prepare the settlement agreement, file a motion for preliminary approval of settlement, and facilitate the claims procedures for class members.

19. The settlement, which provided for a set amount of wages per Saturday worked individuals employed at Danica dating six years prior to the filing of the complaint, taking into consideration constitutes an excellent result for the Class. No class members have objected to or opted out of the settlement. To the contrary, I and other members of the firm participated in numerous conversations with the Named Plaintiff and other interested members of the Class before arriving at this settlement. Additionally, T&S's attorneys' fees will be paid exclusively by the Defendants, and claimants will retain 100% of their allocated settlement award.

20. The rates charged by T&S are reasonable and well within the accepted rates for attorneys of commensurate skill in the wage and hour class action field within this district. T&S billed partner Ron Tobia at $450.00 per hour and associates at $250.00 to $350.00 per hour, and

charged by firms of comparable skill and experience in this field in this District. *See, e.g.*, rate submission of Outten Golden LLP in the matter of Willix v. Healthfirst, 7cv1143 (RER). In fact, similar rates for T&S were recently approved for other class actions firms by Judge Gardephe in Sandoval et al. v. Galaxy Gen. Contr. Corp., et al., No. 10-CV-5771 (S.D.N.Y. Aug. 23, 2013); by Judge Wexler in McBeth, et al. v. Gabrelli Truck Sales Ltd., et al., No. 09-CV-4112 (E.D.N.Y. 2011).

21.   The T&S resumes of Ron Tobia, Esq., Jill Sorger Tobia, Esq. and Michael A. DeMarco, Esq. are attached hereto as Exhibit "E" evidencing extensive experience by members of the firm in labor law, wage case actions, prevailing wage and union related work.

### INCENTIVE REWARD

22.   The Named Plaintiff in this action, Vasilakis Panayioto, expended substantial efforts on behalf of the class. Plaintiff had to respond to case inquires and appear physically in court on several occasions before Magistrate Judge Scanlon and United States District Court Judge Block. He attended numerous meetings with Class Counsel to devise the strategy for litigating this matter and was actively involved in settlement discussions. This work was all done in support of an action which very well could have resulted in no recovery.

23.   The Settlement Agreement, preliminarily approved by this Court, called for a $1,5000.00 incentive award for the Named Plaintiff in reward for their efforts.

**WHEREFORE,** it is respectfully requested that this Court grant Plaintiff's motion for final approval of the Settlement, for an award of professional fees and costs in the amount of $40,000.00, for an incentive award to the Named Plaintiff in the amount of $1,500.00, for approval of the disputed claims, and for any other relief as this Court sees fit.

Dated: Harrison, New Jersey
      February 28, 2017

**TOBIA & SORGER ESQS., LLC**
*Co-Attorneys*

*/s/ Ronald L. Tobia*

By: Ronald L. Tobia, Esq.
500 Supor Boulevard
Harrison, New Jersey 07029
(973) 484-4824

G:\1069-144\Panayioto\Tobia Declaration 2.28.17.doc

| Last Name | First Name | Total Wages Due |
|---|---|---|
| Al-Jahmi | Adel | 3,569.00 |
| Dominguez | Uriel | 3,569.00 |
| Marte | Juan | 3,569.00 |
| Medina | Anthony | 3,569.00 |
| Merpeza | Rasim | 3,569.00 |
| Michaelides | Ioannis | 3,569.00 |
| Miksa | Henryk | 3,569.00 |
| Miksa | Lukasz | 3,569.00 |
| Morales | Mario | 3,569.00 |
| Moreno | Julian | 3,569.00 |
| Murray | Ronald | 3,569.00 |
| Neverson | Fitzroy | 3,569.00 |
| Nunez | Julio Rodolfo | 3,569.00 |
| Nunez | Delmo | 3,569.00 |
| Panayioto | Vasilakis | 3,569.00 |
| Passie | Winston | 3,569.00 |
| Petrakis | Georgios | 3,569.00 |
| Philgence | Lucius | 3,569.00 |
| Porfyris | Petros | 3,569.00 |
| Rivas | Maximo | 3,569.00 |
| Rochez | Mike | 3,569.00 |
| Rodney | Omar | 3,569.00 |
| Rosario | Alfonso | 3,569.00 |
| Sacarello | Stanley | 3,569.00 |
| Salah | Algahmi | 3,569.00 |
| Saldana | Geovanny | 3,569.00 |
| San Filippo | Nicholas | 3,569.00 |
| Sandoval | Jose | 3,569.00 |
| Sandy | Jason | 3,569.00 |
| Smith | Sherban | 3,569.00 |
| Stephen Sr. | Joseph | 3,569.00 |
| Vlahos | Panagiotis | 3,569.00 |
| Warren | Everton | 3,569.00 |
| Yunga | Wilson | 3,569.00 |
| Zambrano | William | 3,569.00 |
| Zeppos | Nikolaos | 3,569.00 |
| TOTAL | | $130,000.00 |