# EXHIBIT "B"

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X          Docket No. 13-CV-3111 (FB)(VMS)
VASILAKIS PANAYIOTOU on behalf of himself          :
and other Employees similarly situated,                         :

                   Plaintiff,                                     :

         -v-                                                                :

DANICA GROUP, LLC, DANICA PLUMBING          :
& HEATING, LLC, DANICA PLUMBING &               :
HEATING CORP., COPPER HEATING &                  :
PLUMBING, LLC, COPPER II HEATING &              :
PLUMBING, LLC; COPPER III HEATING &             :
PLUMBING, LLC, COPPER IV HEATING &             :
PLUMBING, LLC, STELLAR MECHANICAL          :
SERVICES OF NEW YORK, INC., STELLAR          :
MECHANICAL SERVICES OF N.Y., LLC, II,           :
STELLAR MECHANICAL CORP., JOHN DOE          :
1-10 (fictitiously named public or private                   :
corporations and/or individuals),                               :

                 Defendants.
------------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 16 2016 ★
BROOKLYN OFFICE

**IMPLEMENTING ORDER PRELIMINARILY APPROVING THE
PROPOSED SETTLEMENT FOR CERTIFICATION OF A COLLECTIVE
ACTION; APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS
COUNSEL; AND FOR APPROVAL OF PLAINTIFF'S PROPOSED NOTICE
OF SETTLEMENT AND RELEASE AND CLAIM FORM**

        The above-entitled matter came before the Court for Preliminary Approval of Settlement,

Certification of the Settlement Class and Appointment of Plaintiffs' Counsel as Class Counsel as

to Defendants, and Approval of Plaintiffs' Proposed Notice of Settlement and Class Action

Settlement Procedure and Claim Form.

**I.**     **Certification of Class Action**

       1.     The parties consent to the certification of this action as a collective action

pursuant to 29 U.S.C. § 216(b) and rule 23 of the Federal Rules of Civil Procedure.

**I.1    Preliminary Approval of Settlement**

2.    Based upon the Court's review of the Affirmation of Ronald S. Tobia, Esq. ("Tobia Affirmation"), and all other papers submitted in connection with this Implementing Order for Preliminary Approval, the Court grants preliminary approval of the Settlement memorialized in the Settlement Agreement and Release ("Settlement Agreement).

3.    The Court concludes that notice to the Class is appropriate.

4.    The Court concludes that the Claim Form to the Class is appropriate.

5.    The Court finds that the Settlement Agreement is the result of extensive, arm's length negotiations.

**II.    Appointment of Plaintiffs' Counsel as Class Counsel**

6.    The Court appoints Ronald S. Tobia, Tobia & Sorger Esqs., LLC, 500 Supor Boulevard, Harrison, New Jersey 07029 as Class Counsel because Tobia & Sorger Esqs., LLC meet all of the requirements of Federal Rule of Civil Procedure 23(g).

7.    Class Counsel did substantial work identifying, investigating, and settling Plaintiffs' and the class members' claims.

8.    Class Counsel have experience prosecuting and settling employment class actions, including wage and hour class actions and are well-versed in wage and hour law and in class action law. The work that Class Counsel has performed both in litigating and settling this case demonstrates their commitment to the class and to representing the class's interests.

**IV.    Class Notice**

9.    The Court approves the Notice of Proposed Class Action Settlement ("Notice"), and Claim Form and Release ("Claim Form") attached to the Settlement Agreement as Exhibits "1" and "2" respectively, and directs its distribution to the Class.

10.     The Notice shall be distributed to the Class in English and in Spanish.

11.     The content of the Notice fully complies with due process and Federal Rule of

Civil Procedure 23.

12.     Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual
> notice to all members who can be identified through reasonable effort. The
> notice must concisely and clearly state in plain, easily understood
> language: the nature of the action; the definition of the class certified; the
> class claims, issues, or defenses; that a class member may enter an
> appearance through counsel if the member so desires; that the court will
> exclude from the class any member who requests exclusion, stating when
> and how members may elect to be excluded; and the binding effect of a
> class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

17.     The Notice satisfies each of these requirements and adequately puts class

members on notice of the proposed settlement.

## V.     Class Action Settlement Procedure

18.     The Court hereby sets the following settlement procedure:

| | |
|---|---|
| 30 days after entry of Implementing Order: <br> DATE: _December 15, 2016_ | Mailing of Class Notice. |
| 60 days after date of mailing of Notice of Proposed Class Action Settlement: <br> DATE _February 15, 2019_ | Last day for Class Members to "opt out" of the Settlement or to submit written objections to the Settlement. |
| 60 days after date of mailing of Notice of Proposed Class Action Settlement <br> DATE _February 15, 2019_ | Last day for Class Members to qualify as a Claimant by filing claim form to join the settlement. |
| 10 days prior to Fairness Hearing | Date for parties to file proposed Final Order, summary of claims made and application in support of proposed Final |

| DATE: _February 20 2018_ | Settlement. |
| DATE: _March 2 2018_ | Final Settlement approval hearing ("Fairness Hearing"). |

It is so ORDERED this _15th_ day of _November_ 2016.

Hon. Frederic Block, U.S.D.J.

G:\1069-144\Panayioto\Defendants' Implementing Order 11.15.16.doc