# EXHIBIT "G"

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X   Docket No. 13-CV-3111 (FB)(VMS)
VASILAKIS PANAYIOTO, on behalf of himself  :
and other Employees similarly situated,

       Plaintiff,

 -v-

DANICA GROUP, LLC, DANICA PLUMBING
& HEATING, LLC, DANICA PLUMBING &
HEATING CORP., COPPER HEATING &
PLUMBING, LLC, COPPER II HEATING &
PLUMBING, LLC; COPPER III HEATING &
PLUMBING, LLC, COPPER IV HEATING &
PLUMBING, LLC, STELLAR MECHANICAL
SERVICES OF NEW YORK, INC., STELLAR
MECHANICAL SERVICES OF N.Y., LLC, II,
STELLAR MECHANICAL CORP., JOHN DOE
1-10 (fictitiously named public or private
corporations and/or individuals),

       Defendants.
---------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is entered into by and between Vasilakis Panayioto (the "Named Plaintiff"), as well as all Class Members (as defined below) and by Defendants (as defined below).

**1. RECITALS AND BACKGROUND**

WHEREAS, the Named Plaintiff filed a Complaint against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and New York State's Labor Laws claiming that Defendants failed to pay minimum and overtime wages and improperly retained gratuities;

WHEREAS, the Parties (as defined below) stipulated to the certified collective action pursuant to 29 U.S.C. § 216(b) with respect to all non-managerial employees of Defendants;

WHEREAS, the Defendants have stipulated to certify the Litigation as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure (the "Motion") with respect to all non-managerial employees of Danica/Copper;

1

WHEREAS, on July 18, 2013, the Court certified the Litigation (as defined below) as a class action and authorized that notice be sent to Class Members;

WHEREAS, the Parties have engaged in and completed extensive discovery during the course of the Litigation independently and together with the companion action commenced by the United States Department of Labor titled *Thomas Perez v. Andreadakis et al.*, Docket No. 13-cv-05155 ("Perez") and resolved pursuant to a Consent Judgment dated April 7, 2015 wherein Defendants agreed to pay $1,420,000.00 to workers for, among other allegations, failure to pay overtime wages for Saturday work days.

WHEREAS, Plaintiffs and Defendants have engaged in numerous and protracted settlement negotiations to arrive at the settlement described herein;

WHEREAS, Defendants (as defined below) denied and continue to deny all of the allegations made by Named Plaintiff in the Litigation and have denied and continue to deny that they are liable or owe damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation. Nonetheless, solely for the purpose of settling this Litigation, and without admitting any wrongdoing or liability, Defendants have agreed to disseminate a notice of settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure to all Class Members;

WHEREAS, the purpose of this Agreement is to settle fully and finally all State Law Claims and FLSA Claims (as defined below), between the Named Plaintiff, the Class Members, the FLSA Claimants, and Defendants for the time period April 4, 2008 through April 4, 2011, a time period preceding the period covered in the *Perez* action, including all claims asserted in the Litigation in order to avoid the burden, expense, and uncertainty of continuing the Litigation; and

WHEREAS, Class Counsel analyzed and evaluated the merits of the claims made against Defendants and the impact of this Agreement on Named Plaintiff and Class and based upon their analysis and evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, as well as the risk of collection of any verdict in light of the $1,420,000.00 Defendants are obligated to pay workers in the *Perez* action. Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Named Plaintiffs and Class.

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

## 1. DEFINITIONS

The defined terms set forth in this Agreement have the meanings ascribed to them below.

1.1 **"Action" or "Litigation."** The Action or Litigation or Action shall mean the above referenced case filed in the United States District Court for the Eastern District of New York captioned 13-cv-3111(FB)(VMS).

1.2 **"Agreement."** Agreement means this Settlement Agreement and Release.

1.3 **"Bar Date."** The Bar Date shall mean the date by which any Class Member who wishes to qualify as a Claimant must file a Claim Form, which date shall be no later than sixty (60) days after the initial mailing of Notice.

1.4 **"Claim Form."** The Claim Form shall mean the form, a copy of which is attached to the Notice of Proposed Settlement, that the Class Members must sign and return post-marked by the Bar Date. The Claim Form must be filed with Class Counsel for a Class Member to be eligible for a distribution from the Settlement Account.

1.5 **"Claimant."** "Claimant" shall mean those Class Members who are eligible to receive a Settlement Check by virtue of: (i) filing a Claim Form by the Bar Date, and (ii) whose Proof of Claim is not rejected. Claimants acknowledge that they agree to settle and release all State Law Claims and FLSA claims.

1.6 **"Class" or "Class Member(s)."** Class or Class Members shall be defined as: all present and former persons employed on Saturdays as HVAC employees/workers, plumbers, restoration/pipe covers, sprinklers, welders, journeymen, mechanics, laborers/helpers, and others similarly situated for any and all of the entities listed, by defendants at any time between April 4, 2008 through April 4, 2011, excluding all administrative, executive, supervisory, office, and managerial positions.

1.7 **"Class Counsel" or "Plaintiffs' Counsel."** Class Counsel or Plaintiffs' Counsel shall mean Ronald L. Tobia, Esq., Tobia & Sorger Esqs., LLC, 500 Supor Boulevard, Harrison, New Jersey 07029 and the Law Offices of Michael A. Negri, P.C., 3 Eberling Drive, New City, New York 10956.

1.8 **"Class Member List."** The Class Member List shall mean the attached Exhibit A listing Class Members by name and the sum each Class Member shall receive under the instant settlement.

1.9 **"Class Member Detailed List."** The Class Member List shall mean a list of all Class Members, identified by: (i) name; (ii) last known address; (iii) dates of employment during the Relevant Time Period; and (iv) social security numbers, if available, contained in a confidential document that the Defendants shall provide to Class Counsel. The Class Member List is to be used by Class Counsel to effectuate settlement, and may not be copied, disseminated or used for any other purpose.

1.10 **"Court."** The Court shall mean the United States District Court for the Eastern District of New York, Judge Frederic Block presiding.

Case 1:13-cv-03111-FB-VMS   Document 74-3   Filed 11/15/16   Page 4 of 18 PageID #: 195

**1.11** **"Days."** Days shall mean calendar days.

**1.12** **"Defendants."** The Defendants, for the purposes of the settlement, are Danica Group, LLC, Danica Plumbing & Heating, LLC, Copper Heating & Plumbing, LLC, Copper II Heating & Plumbing, LLC, Copper III Heating & Plumbing, LLC and Copper IV Heating & Plumbing, LLC. Stellar Mechanical Services of New York, Inc., Stellar Mechanical Services of N.Y., LLC, II, Stellar Mechanical Corp. employed no workers during the period April 4, 2008 through April 4, 2011, nor did such companies operate during that period of time.

**1.13** **"Defense Counsel."** Defense Counsel shall be Larry B. Hollander, Esq. of Hollander Law Group, PLLC, 40 Cutter Mill Road, Suite 203, Great Neck, New York 11021.

**1.14** **"Fairness Hearing."** The Fairness Hearing shall mean the hearing before the Court relating to the Motion for Final Approval, unless otherwise scheduled by the Court without the filing of a motion.

**1.15** **"Final Effective Date."** The Final Effective Date shall be thirty (30) days after the Court has entered a Final Order approving this Agreement; the time to appeal from the Final Order has expired and no notice of appeal has been filed or if a notice of appeal is filed, the latest of the following, if applicable, has occurred: (1) any appeal from the Final Order has been finally dismissed; (2) the Final Order has been affirmed on appeal in a form substantially identical to the form of the Final Order entered by the Court; (3) the time to petition for review with respect to any appellate decision affirming the Final Order has expired; and (4) if a petition for review of an appellate decision is filed, the petition has been denied or dismissed, or, if granted, has resulted in affirmance of the Final Order in a form substantially identical to the form of the Final Order entered by the Court.

**1.16** **"Final Order."** The Final Order shall mean the order entered by the Court after the Fairness Hearing approving the terms and conditions of this Agreement, distribution of the settlement payments from the Settlement Account, approval of professional fees and costs, and dismissal of this action.

**1.17** **"FLSA Claimants."** The FLSA Claimants shall mean the Class Members who have already filed timely Consent to Join forms hereunder. FLSA Claimants acknowledge that they agree to settle all FLSA and New York State Law Claims.

**1.18** **"FLSA Claims."** The FLSA Claims shall mean all wage and hour claims that could have been asserted pursuant to the Fair Labor Standards Act by or on behalf of the FLSA Claimants. Released FLSA Claims include, but are not limited to, all claims under federal law for unpaid minimum or overtime wages, and any other related wage and hour claims, all 'derivative benefit claims' (*defined as* claims for benefits resulting from the alleged failure to pay overtime or wages, both ERISA and non-ERISA benefits), interest on such claims, and attorneys' fees, expenses and costs related to such claims.

1.19 **"Implementing Order."** The Implementing Order shall mean the Order entered by the Court: (i) effectuating the settlement; (ii) approving the Notice and Claim forms and, (iii) directing the manner and timing of publishing the Notice to the Class.

1.20 **"Named Plaintiff."** The Named Plaintiff shall mean Vasilakis Panayioto.

1.21 **"Notice" or "Notices."** Notice or Notices shall mean the Court–approved Notice of Proposed Settlement including notice of an opportunity to object to the proposed settlement.

1.22 **Objector.** An Objector shall mean any Class Member who properly files an objection to this Agreement.

1.23 **"Opt-out Statement."** An Opt-out Statement is a written signed statement that a Class Member who has decided to opt-out and not be included in this Agreement. Any Class Member who does not submit an Opt-out Statement waives and releases all New York State Law Claims, even though he or she does not submit a Proof of Claim form. A Class Member who submits an Opt-out Statement retains any FLSA and/or New York State Law Claims.

1.24 **"Parties."** The Parties shall refer to Named Plaintiff, Defendants and the Class Members collectively.

1.25 **"Relevant Period" or Relevant Time Period."** The Relevant Period or Relevant Time Period means for Defendants any time between April 4, 2008 through April 4, 2011.

1.26 **"Settlement Account."** The Settlement Account shall mean a qualified settlement fund established by the Defendants, pursuant to this Agreement, at a bank reasonably acceptable to the parties. The Settlement Account shall contain the aggregate of all Claims, professional fees and costs as authorized by the Court in the Final Order, but in no event shall the Settlement Account exceed the Settlement Fund.

1.27 **"Settlement Checks."** The Settlement Checks shall mean the checks issued to Claimants from the Settlement Account by the Defendants as calculated by Class Counsel in accordance with this Agreement.

1.28 **"Settlement Fund."** The Settlement Fund shall mean the maximum aggregate amount that can be paid by Defendants pursuant to this Agreement and includes professional fees, costs and expenses in the sum of **One Hundred Seventy Thousand Dollars ($170,000.00),** excluding employer's share of payroll taxes, regardless of the amount of Class Members that file Claim Forms.

1.29 **"State Law Claims."** The State Law Claims shall mean all wage and hour claims that could have been asserted under New York State law by or on behalf of the Class, excluding Class Members who opt-out of the settlement but not including claims under the Fair Labor Standards Act. Released New York State Law Claims include, but are not limited to, all claims under state law for unpaid minimum or overtime wages, and any other related wage and hour claims, all 'derivative benefit claims' (*defined as* claims for

benefits resulting from the alleged failure to pay overtime or wages, both ERISA and non-ERISA benefits), interest on such claims, and attorneys' fees, expenses and costs related to such claims.

## 2. INITIAL PROCEDURAL ISSUES

**2.1** **Binding Agreement.** This Agreement is a binding agreement and contains all material agreed-upon terms.

**State Law Settlement.** For purposes of settlement only, the Parties stipulate to include all Class Members in the Exhibit A attached hereto possessing New York State Law claims during the Relevant Period into this Agreement.

**2.2** **Responsibilities of Class Counsel.** Class Counsel shall be responsible for:

A. preparing, printing and disseminating the Notice and Claim Forms to the Class;

B. promptly furnishing to counsel for the Defendants copies of any Opt-out Statements or objections to the settlement from the Class which Class Counsel receives;

C. receiving and reviewing the Claim Forms submitted by the Class and notifying any claimant if his/her claim has been rejected as provide in Section 2.8 below.;

D. keeping track of Opt-out Statements including maintaining the original mailing envelope in which the request was mailed;

E. calculating the amount of each Claimant's Settlement Check;

F. mailing the Settlement Checks to Claimants;

G. ascertaining current address and addressee information for each Notice and Claim Form returned as undeliverable and the mailing of Notice and Claim Form;

H. responding to inquiries of the Class regarding procedures for filing objections, Opt-out Statements, and Claim Forms;

I. responding to inquiries from Defense Counsel consistent with the duties specified herein;

In addition, no later than fifteen (15) days prior to the Fairness Hearing, Class Counsel shall send Defense Counsel (a) a list of all Class Members who timely filed their Claim Forms; (b) a list of all Class Members who filed timely objections; and (c) a list of all Class Members who requested to opt-out of the settlement at any time during the opt-out period. Throughout the period of claims administration, Class Counsel will provide reports to the Defense Counsel upon request, regarding the status of the mailing of the Notices and Claims Forms to the Class and the claims administration process.

**2.4** **Responsibilities of Counsel for Defendants.** Counsel for Defendants shall be responsible for gathering from Defendants and, as applicable, Defendants' accountants and/or tax advisors, the following:

- A. mailing all required tax forms to Class Members as provided herein;

- B. setting up a Settlement Account to be used for the distribution of all Settlement Checks to Class Counsel for mailing to Claimants, Class Counsel and the Named Plaintiff per 2.2(F) above;

- C. calculating the employer-side payroll taxes required pursuant to the settlement;

- D. calculating and paying each Claimant's taxes and preparing appropriate tax forms for Defendants and for each Claimant;

- E. mailing the Settlement Checks to Class Counsel;

**2.5** **Notice.** The Notice will inform Class Members about this Settlement and will also advise them of the opportunity to object to, or to file a Claim Form to obtain a Settlement Check pursuant to this Agreement, and/or to appear at the Fairness Hearing. Within thirty (30) days of the entry of the Implementing Order by the court, Class Counsel will mail to all Class Members, via First Class United States Mail, the Court–approved Notice of Proposed Settlement and Claim Form. The mailing will include English and Spanish versions of the Notice and Claim Form. Class Counsel will take all *reasonable steps* to obtain the correct address of any Class Member for whom a Notice and Claim Form is returned by the post office as undeliverable, including one skip trace, and shall attempt a re-mailing to any Class Member for whom it obtains a more recent address.

**2.6** **Approval of the Implementing Order.**

- **(A)** Plaintiffs' Counsel shall apply to the Court to publish the proposed Notice and Claim Form. The proposed Notice, Claim Form and Implementing Order approved by the Parties is annexed hereto and made a part of this agreement as Exhibits "1", "2" and "3" respectively.

- **(B)** The proposed Implementing Order will seek the setting of a deadline of sixty (60) days from the initial mailing of Notice and Claim Form to the Class: (a) for Class Members to submit Claim Forms, (b) to file Opt-out Statements, and/or (c) to become Objectors. The Proposed Implementing Order shall also seek to set a date for the Fairness Hearing for Final Approval of the Settlement which shall be no earlier than ninety (90) days following the date that the Court enters the proposed Implementing Order.

- **(C)** Class Counsel will inform the Court of the intended process to obtain a "Final Order" and a "Judgment of Dismissal" that will, among other things: (1) approve the settlement as fair, adequate and reasonable; (2) approve the proposed Notice

    to the Class; incorporate the terms of the Release, as described herein; (3) dismiss the Litigation; and (4) award Class Counsel's fees, expenses and costs.

**(D)** The Parties will work together, diligently and in good faith, to expeditiously obtain an Implementing Order, Final Order, and Final Judgment and Dismissal with prejudice. Any disputes which arise between the Parties related to the Parties' efforts to obtain a Final Order, Final Judgment and Dismissal with prejudice shall be submitted to this Court.

**2.7** **Notice and Claims Forms to Class**

 (A) Within fifteen (15) days of the Court's entry of the Implementing Order, Defense Counsel will provide Class Counsel, in electronic form and for all Class Members, the Class Member List. All information provided regarding the Class will be treated as confidential information by Class Counsel. Said information will not be used by Class Counsel for any purpose other than to effectuate the terms of settlement.

 (B) Class Members will have sixty (60) days from the date of initial mailing to return the Claim Form and become a Claimant. To be effective, a Claim Form must be post-marked by the Court-authorized Bar Date or must be received by Class Counsel on or by the court-authorized Bar Date. To the extent that the envelope does not contain a post-mark, the date that Class Counsel receives the claim form shall apply.

**2.8** **Defendants' Right To Object To Claims**

Defendants retain the right to object to any claim filed, in writing, setting forth the basis of said objection and provide any available documentation to support said objection. Class Counsel, will in good faith, review all said objections and make a determination as to the validity of said objection. If said objection is found to be valid the claim will be adjusted and/or excluded.

**2.9** **Opt-outs.**

 (A) Class Members who choose to opt-out of the settlement as set forth in this Agreement must mail via First Class United States Mail, postage prepaid, a written, signed statement to Class Counsel that states he or she is opting out of the settlement, and include his or her name, address, and telephone numbers and statement indicating his or her intention to opt-out such as: "I opt out of the Danica wage and hour settlement." ("Opt-out Statement"). To be effective, an Opt-out Statement must be post-marked or received by Class Counsel by the Bar Date.

 (B) The end of the time period to opt-out of the settlement ("Opt-out Period") shall be on or before the Bar Date.

  (C) Class Counsel will send a final list of all Opt-out Statements to Defense Counsel before the Fairness Hearing. Class Counsel will retain the originals of all Opt-out Statements and originals of all envelopes accompanying Opt-out Statements in its files.

  (D) Any Class Member who does not submit an Opt-out Statement pursuant to this Agreement, will be deemed to have accepted the settlement and the terms of this Agreement, will be bound by the Judgment in this case, and have any State Law Claims released and dismissed. Only those Class Members who timely complete and return a Claim Form post-marked by the Bar Date will be deemed authorized to participate in this settlement as a "Claimant." Regardless, Defendants will fund the Settlement Account with the full aggregate amount of $130,000.00 reallocated equally to the Claimants in Exhibit A as set forth in this Agreement. **Defendants shall have no obligation to pay any Class Member who does not submit a timely Claim Form as set forth in this Agreement**.

  (E) For purposes of this agreement, the Named Plaintiffs are deemed to be Claimants, and are not required to file a Claim Form to participate in the settlement.

**2.10 Objections to Settlement.**

  (A) Objectors who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in writing. To be considered, such statement must be mailed to Class Counsel via First-Class United States Mail post-marked by the Bar Date. The statement must include all reasons for the objection, and any supporting documentation. The statement must also include the name, address, and telephone numbers for the Class Member making the objection. Class Counsel will retain the original and send copies of each objection and supporting documents to Defendants' Counsel by email delivery no later than five (5) days after receipt of the objection.

  (B) An Objector also has the right to appear at the Fairness Hearing either in person or through counsel hired by the Objector. An Objector who wishes to appear at the Fairness Hearing must state his or her intention to do so in writing on his or her written objections at the time he or she submits his or her written objections. An Objector may withdraw his or her objections at any time. An Objector is a Class Member and an objection does not constitute the filing of an Opt-out Statement.

**2.11 Fairness Hearing and Motion for Final Approval and Dismissal.**

At the Fairness Hearing, the Parties will request that the Court, among other things: (1) approve the settlement and Agreement as fair, reasonable, adequate, and binding on all Class Members who have not timely opted out of the settlement; (2) order the Defendants to send Settlement Checks to Class Counsel to be distributed to all Class Members who filed valid, timely Claim Forms; (3) order the attorneys' fees, expenses and costs to be paid to Class Counsel out of the Settlement Account; (4) (a) order the dismissal with

9

prejudice of all State Law Claims by all Class Members who did not opt-out; (b) order the dismissal with prejudice of FLSA Claims and State Law Claims by all Claimants; (5) order entry of Final Judgment in accordance with this Agreement; and (6) retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

**2.12 Mailing of Settlement Checks.**
The Settlement Checks will be mailed to Class Counsel, respectively, within thirty (30) days after the Final Effective Date. The first installment of Class counsel's approved professional fees and expenses will be mailed to Class Counsel within forty five (45) days after the Final Effective Date.

**2.13**

**2.14 Effect of Failure to Grant Final Approval.** In the event the Court fails to enter Judgment in accordance with this Agreement, or such Judgment does not become Final as defined herein, the Litigation will proceed as if no settlement had been attempted.

**3. SETTLEMENT TERMS**

**3.1 Settlement Fund Computation and Allocations.**

  **(A) Individual Claimants share of the Settlement Fund shall be computed as follows:**

  HVAC employees/workers, plumbers, restoration/pipe covers, sprinklers, welders, journeymen, mechanics, laborers/helpers, and others similarly situated for any and all of the entities listed shall be paid $18.00 for every week they worked at Danica and/or Copper defendant companies who were employed between April 4, 2008 through April 4, 2011. The "every week" includes only those workers employed on Saturdays; the day no overtime was allegedly paid. A blended rate due of $4.50 per hour overtime for an average of 4 hours per Saturday was calculated. Since every worker did not work every Saturday, an average of 88 Saturdays worked was agreed to for all workers.

  **(B) Guaranteed Payment.** The Parties expressly acknowledge that Defendants shall be required to pay the Settlement Fund of One Hundred Seventy Thousand Dollars ($170,000.00), to the Claimants, Class Counsel, to the Named Plaintiffs or to anyone else (but excluding employer's share of payroll taxes due under this Agreement), regardless of the amount of Class Members that file Claim Forms. Defendants shall pay the Settlement Fund and Class Counsel Fees in nine (9) separate equal installments of $18,888.88 secured by a Confession of Judgment by Defendants. The money shall be paid into Defendant Counsel's escrow account. Upon full payment, monies will then be dispersed to the Class Members,

10

except Class Counsel shall receive $40,000.00 from the Settlement Fund as soon as the Settlement Fund is funded in such amount.

(C) **Enhancement Award for Named Plaintiffs.** Class Counsel shall seek Court Approval of the payment of an Enhancement Award of $1,500.00 to Plaintiff Vasilakis Panayioto in consideration for work performed on behalf of the Class. Defendants shall not comment on this application. The substance of Plaintiffs' application for an Enhancement Award is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy and good faith of the settlement of the Litigation. The outcome of the Court's ruling on the application for an Enhancement Award shall not terminate this Agreement or otherwise affect the Court's Final Approval.

**3.2   Professional Fees and Cost.** At the Fairness Hearing, Class Counsel will petition the Court for an award of attorneys' fees and costs not to exceed Forty Thousand Dollars ($40,000.00), which includes reimbursement of their actual litigation expenses and costs. Defendants shall pay Class Counsel's professional fees, costs and expenses simultaneous with the Final Effective Date. These fees shall come out of the Settlement Fund. Defendants will not oppose this application, including any appeal or request for reconsideration if the application is denied or modified by the Court.

In the event any payment under this section is not made when due, Class Counsel or their authorized agent shall deliver a notice of such default addressed to Larry B. Hollander, Esq. of Hollander Law Group, PLLC, 40 Cutter Mill Road, Ste. 203, Great Neck, New York 11021. Such default may be cured by making payment then due to Class Counsel within five business days of receipt of Class Counsel's notice of default.

**3.3   Tax Characterization.**

(A) Except as set forth below, settlement payments to the Class will be allocated as follows: all payments calculated in consideration for time worked will be deemed back-wage payments and/or wage income.

(B) All Wage Payments shall be subject to all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and the employee share of the FICA tax, and shall be reported to the Internal Revenue Service ("IRS") on an IRS Form W-2. Payments of attorneys' fees and costs pursuant to Section 3.2 shall be made without any withholdings. Class Counsel will receive a Form 1099 for this payment.

(C) Defendants shall pay the employer's share of the FICA tax and any federal and state unemployment tax due that are traditionally borne by employers, with respect to the Wage Payments. Defendants shall be responsible for making all withholdings from employees' settlement payments required pursuant to any federal, state, or local tax law or regulation, with respect to the Wage Payments.

**3.4   Hold Harmless.**

With respect to payments received pursuant to this Agreement that are not characterized as W-2 wage income, the Named Plaintiff, FLSA Claimants and the Class assume fully responsibility of any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid under any federal, state, or local law of any kind.  As such, although Parties believe, in good faith, that the tax treatment of all payments set forth in this Agreement are proper and in compliance with applicable IRS regulations, if, notwithstanding such belief, the Internal Revenue Service or any other federal, state or local government, administrative agency or court determines that any individual or entity and/or Defendants are liable for any failure by any Named Plaintiff, FLSA Claimant, Class Member and/or Defendant to pay federal, state or local income or employment or payroll taxes with respect to any payment received pursuant to this settlement that is not characterized as W-2 wage income, Named Plaintiff, FLSA Claimants, and the Class agree to hold Defendants harmless, and indemnify Defendants from any payments the Defendants may be required to make (including any payments for interest and penalties) to any taxing authority resulting from the issuance of an IRS tax form 1099 and any Named Plaintiff's, FLSA Claimant's and/or Class Member's failure to pay any taxes that any such individual or entity owes related to said income.

**4.   RELEASE**

**4.1   Release of Claims.**

(A)   Upon the Order Granting Final Approval, and except as to such rights or claims as may be specifically created by this Agreement, each Class Member who does not opt-out of this Agreement, on his or her behalf, and on behalf of his or her respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, fully releases and discharges Defendants, Defendants' present and former parent companies, subsidiaries, related or affiliated companies, and their respective shareholders, officers, directors, employees, members, managers, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors and assigns, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity which could be jointly liable with any of them (collectively, the "Releasees"), from any and all claims for any wage and hour violations under federal, state, and/or local law, including but not limited to, any and all claims for unpaid wages, overtime pay, failure to maintain and furnish employees with proper wage records, claims to recover claims, meal break claims, and all other claims that were or could have been asserted in the Litigation, whether known or unknown, under federal, state, and/or local wage and hour laws (including but not limited to the New York Labor Law and New York Code of Rules and Regulations), through the Effective Date of this Agreement.  This release includes all claims for all damages arising from any such released claims, including claims for liquidated damages, interest, and attorneys' fees' and costs.  In addition, each Claimant specifically and affirmatively releases Releasees from any claims for unpaid minimum wages, overtime wages, liquidated damages, and attorneys' fees and costs related to such

    FLSA Claims that were or could have been asserted in the Litigation, whether known or unknown, through the date of preliminary approval of this Agreement.

**(B)**     Each Claimant or FLSA Claimant forever and fully releases Defendants from all New York State Law Claims and FLSA claims.

**(C)**     By operation of the entry of the Judgment and Final Order, and except as to such rights or claims as may be created by this Agreement each Claimant forever and fully releases Defendants from all released claims as detailed in paragraph 4.1(A) above.

**(D)**     **No Assignment.** Class Counsel and Named Plaintiffs, on behalf of the Class and each individual Class Member, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

**(E)**     **Non-Admission of Liability.** By entering into this Agreement, Defendants in no way admit any violation of law or any liability whatsoever to Named Plaintiffs and/or the Class Members, individually or collectively, all such liability being expressly denied. Likewise, by entering into this Agreement, Defendants in no way admit to the suitability of this case for class or collective action litigation other than for purposes of settlement. Rather, Defendants enter into this Agreement to avoid further protracted litigation and to resolve and settle all disputes with Plaintiffs and the Class. Settlement of the Litigation, negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of this Agreement or the settlement: (a) are not, shall not be deemed to be, and may not be used as an admission or evidence of any wrongdoing or liability on the part of Defendants or of the truth of any of the factual allegations in any and all Complaints filed in the Lawsuit; and (b) are not, shall not be deemed to be, and may not be used as an admission or evidence of fault or omission on the part of Defendants in any civil, criminal, administrative or arbitral proceeding. The Parties understand and agree that this Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce the terms of the Agreement.

**(F)**     Except as provided in this Agreement, upon payment of the attorneys' fees, expenses, and costs approved by the Court, Class Counsel, the Named Plaintiffs, FLSA Claimants, and the Class, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that he, she or they may have against Defendants for attorneys' fees or costs associated with Plaintiffs' Counsel's representation of the Class. Plaintiffs' Counsel further understands and agrees that any fee payments approved by the Court will be the full, final and complete payment of all attorneys' fees, expenses and costs associated with Plaintiffs' Counsel's representation in the Litigation.

**(G)** Notwithstanding any provision to the contrary, any Class Member who does not become a Claimant as defined in paragraph 1.6 or opt-outs of this Action shall not be deemed to have relinquished any rights her or she may possess under the Fair Labor Standards Act.

## 5. INTERPRETATION AND ENFORCEMENT

**5.1** **Cooperation Between the Parties; Further Acts.** The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms. Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

**5.2** **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

**5.3** **No Publicity.** Named Plaintiffs and Class Counsel agree that they will not issue, send or post, or cause to be issued, sent or posted, any press release, posting, e-mail, or other verbal or written communication to any electronic, print, or digital media, blogs, or social networking sites, including but not limited to Facebook, LinkedIn and Twitter, (collectively, the "Media") regarding the Litigation, the Parties' settlement discussions, the existence and/or terms of this Agreement, and/or the facts and events leading up to same. If contacted by any member of the Media or any other individuals through any of the Media, Named Plaintiffs and/or Class Counsel will simply state that the Litigation has been resolved and will provide no other comment whatsoever. In the event any Named Plaintiff violates this Section 5.3, and Defendants prove such violation at trial, Defendants shall be entitled to: (1) injunctive relief enforcing this Agreement notwithstanding the foregoing; (2) the return of the Named Plaintiff's individual Settlement Amount and Defendants' attorneys' fees and costs incurred in prosecuting any action as a result of the breach of this Section; and (3) any other remedies provided by law or equity. Notwithstanding the terms of this paragraph, Defendants shall be free to make whatever disclosures it deems appropriate with respect to this litigation provided those disclosures are truthful, and no derogatory statements are made about Class Counsel and/or the Named Plaintiffs.

**5.4** **Binding Effect.** This Agreement shall be binding upon the Parties and, with respect to Named Plaintiffs and Class, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

**5.5** **Arms' Length Transaction; Materiality of Terms.** The Parties have negotiated all the terms and conditions of this Agreement at arms' length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement

and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

5.6 **Captions.** The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

5.7 **Construction.** The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

5.8 **Blue Penciling.** If any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect.

5.9 **Governing Law.** This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

5.10 **Continuing Jurisdiction.** The Parties shall request the Court to retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

5.11 **Waivers, etc. to Be in Writing.** No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

5.12 **When Agreement Becomes Effective; Counterparts.** This Agreement shall become effective upon its full execution and final approval by the Court. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

5.13 **Binding Authority of Plaintiffs' Counsel.** Plaintiffs' Counsel hereby represents that they are fully authorized to bind the Named Plaintiffs to the terms and conditions hereof and that they have retainer agreements and/or authorizations to execute this Agreement on their behalf.

**5.14** **Signatures.** This Agreement is valid and binding if signed by the Parties' authorized representatives.

**5.15** **Facsimile and Email Signatures.** Any party may execute this Agreement by causing its counsel to sign on the designated signature block below and transmitting that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

Dated: November 15, 2016                                              Dated: November 15, 2016

By: ___/s/ Ronald L. Tobia___                                      By: _____
      Ronald L. Tobia (9775)                                      Larry B. Hollander
Tobia & Sorger Esqs., LLC                                          Hollander Law Group, PLLC
*Attorneys for Plaintiffs*                                         *Attorney for Defendants*
500 Supor Boulevard                                                40 Cutter Mill Road, Ste. 203
Harrison, New Jersey 07029                                         Great Neck, New York 11021

Dated: November 15, 2016

DANICA GROUP, LLC

_____

By: Tommy Andreadakis, Member

Dated: November 15, 2016

_____

DANICA PLUMBING & HEATING, LLC
By:    Tommy Andreadakis, Member

Dated: November 15, 2016

_____

DANICA PLUMBING & HEATING CORP.
By:    Tommy Andreadakis, Officer

Dated: November 15, 2016

_____

STELLAR MECHANICAL SERVICES
OF NEW YORK, INC.
By:    Tommy Andreadakis, Officer

Dated: November 15, 2016

_____

STELLAR MECHANICAL SERVICES
OF N.Y., LLC
By:    Tommy Andreadakis, Member

Dated: November 15, 2016

_____

STELLAR MECHANICAL CORP.
By:    Tommy Andreadakis, Officer

17

Dated: November 15, 2016

_____
COPPER HEATING & PLUMBING, LLC
By: Tommy Andreadakis, Member

Dated: November 15, 2016

_____
COPPER II HEATING & PLUMBING, LLC
By:  Tommy Andreadakis, Member

Dated: November 15, 2016

_____
COPPER III HEATING & PLUMBING, LLC
By:  Tommy Andreadakis, Member

Dated: November 15, 2016

_____
COPPER IV HEATING & PLUMBING, LLC
By:  Tommy Andreadakis, Member

G:\1069-144\Panayioto\Defendants' Settlement Agt 11.15.16.doc