```
UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X    Docket No. 13-CV-3111 (FB)(VMS)
VASILAKIS PANAYIOTO, on behalf of himself  :
and other Employees similarly situated,    :
                                           :
                          Plaintiff,       :
       -v-                                 :
                                           :
DANICA GROUP, LLC, DANICA PLUMBING         :
& HEATING, LLC, DANICA PLUMBING &          :
HEATING CORP., COPPER HEATING &            :
PLUMBING, LLC, COPPER II HEATING &         :
PLUMBING, LLC; COPPER III HEATING &        :
PLUMBING, LLC, COPPER IV HEATING &         :
PLUMBING, LLC, STELLAR MECHANICAL          :
SERVICES OF NEW YORK, INC., STELLAR        :
MECHANICAL SERVICES OF N.Y., LLC, II,      :
STELLAR MECHANICAL CORP., JOHN DOE         :
1-10 (fictitiously named public or private :
corporations and/or individuals),          :
                                           :
                          Defendants.      :
-----------------------------------------------------------------X
```

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
<u>AND REQUEST FOR PROFESSIONAL FEES AND COSTS</u>**

**TOBIA & SORGER ESQS., LLC**
Ronald L. Tobia, Esq.
*Class Counsel*
500 Supor Boulevard
Harrison, New Jersey 07029
(973) 746-6000

## INTRODUCTION

In connection with Plaintiffs' Motion for Final Approval of the Class Action Settlement ("Motion for Final Approval") in the above-captioned action, Tobia & Sorger Esqs., LLC ("T&S") as Class Counsel, make this application for an Order seeking a) final approval of the settlement of this action; b) an award of attorneys' fees and costs in the amount of $40,000.00 for legal services performed in successfully prosecuting the claims in this action; and c) approval of an incentive award of $1,500.00 to the Named Plaintiff. A copy of the Proposed Final Order is annexed to the February 28, 2017 Declaration of Ron S. Tobia ("Tobia Decl.) as Exhibit "A."

This action was brought pursuant to the Fair Labor Standards Act ("FSLA"), 29 U.S.C. §§206, 207 and 216(b), New York Labor Law §190 *et seq.*, New York Labor Law §§633 and 650 *et seq.*; 12 New York Codes, Rules and Regulations (hereinafter referred to as "NYCRR") §§137-1.2 and 12 NYCRR §137-1.3; to recover unpaid minimum wages and overtime compensation, owed to Vasilakis Panayioto (hereinafter referred to as the "Named Plaintiffs), and all similarly situated persons who are presently or were formerly employed by Danica Group, LLC, Danica Plumbing & Heating, LLC, Danica Plumbing & Heating Corp., Copper Heating & Plumbing, LLC, Copper II Heating & Plumbing, LLC, Copper III Heating & Plumbing, LLC, Copper IV Heating & Plumbing, LLC, Stellar Mechanical Services of New York, Inc., Stellar Mechanical Services of N.Y., LLC, II, Stellar Mechanical Corp. (hereinafter referred as "Danica") and/or any other entities affiliated with or controlled by Danica Group, LLC and/or Tommy Andreadakis (hereinafter collectively referred to as "Defendants").

During the more than three years spent litigating this class and collective action, Class Counsel Tobia & Sorger Esqs., LLC has spent more than 326 attorney and paralegal hours prosecuting this case. [Tobia Decl. 15] Class Counsel's efforts to date have been without

2

compensation, and their entitlement to be paid has been wholly contingent upon achieving a good result. Defendants have also consented to Class Counsel's fee request. For the reasons set forth below, Class Counsel respectfully submits that the attorneys' fees are fair and reasonable under the applicable legal standards, and, in light of the contingency risk undertaken and the result achieved, should be awarded.

## POINT I

### THE SETTLEMENT SHOULD BE APPROVED BY THE COURT

Federal Rule of Civil Procedure 23(e) sets out the following requirements for court-approved settlement of a class action:

> The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:
>
> > (1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
> >
> > (2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.
> >
> > (3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.
> >
> > (4) If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.
> >
> > (5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

Here, a Notice of Proposed Settlement and Release ("Notice") (Tobia Decl., Exhibit "C") ahs been sent to all class members in accordance with this Court's November 16, 2016

preliminary approval settlement (Tobia Decl., Exhibit "B"). At that time, this Court was presented with the parties' settlement agreement (Tobia Decl., Exhibit "G"). Currently, a fairness hearing under FRCP 23(e)(2) is scheduled for March 2, 2017 at 11:00 a.m. To date, no class members have objected or opted out of the settlement.

When approving a class action settlement, "the district court must determine that a class action settlement is fair, adequate and reasonable, and not a product of collusion." Joel A. v. Giuliani, 218 F.3d 132, 138 (2nd Cir. 2000). The settlement here is clearly fair as it is based upon the total number of work weeks worked by the class and the estimated unpaid wages owed to claimants, based on their job and whether they worked at Danica. Further, the settlement follows the resolution of the companion case to the action Perez v. Andreadakis et al, Docket No. 1:13-CV-05155 (FB)(VMS), initiated by the United States Department of Labor that was settled for $1,420,000.00. The settlement here avoids the risks of trial and appeal and gets money to class members immediately.

## POINT II:
## CLASS COUNSEL'S ATTORNEY FEES ARE REASONABLE

**A. The Percentage Method is Favored in Common Fund Class Action Settlements**

The FLSA provides for an award of "reasonable attorney's fees to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The New York Labor Law has a similar provision. NYLL § 663. In wage and hour class action lawsuits, where a common fund is established, public policy favors an award of attorneys' fees based as a percentage of the common fund. *See generally* McDaniel v. County Of Schenectady, 595 F.3d 411, 417 (2nd Cir. 2010) (*citing* Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 122 (2nd Cir. 2005)) ("The trend in this Circuit is toward the percentage method . . . ."); Reyes v. Buddha-Bar NYC, No. 08-cv-2494(DF), 2009 WL 5841177, at *4 (S.D.N.Y. May 28, 2009) (same); Mohney v. Shelly's

Prime Steak, No. 06-cv-4270 (PAC), 2009 WL 5851465, at *5 (S.D.N.Y. Mar. 31, 2009) (same); Strougo ex rel. Brazilian Equity Fund, Inc. v. Bassini, 258 F.Supp.2d 254, 261-62 (S.D.N.Y. 2003) (collecting cases adopting the percentage-of-the-fund method); In re NASDAQ Market-Makers Antitrust Litigation, 187 F.R.D. 465, 483-85 (S.D.N.Y. 1998) (same). Here, the percentage of the common fund results in a 30.26% attorney fee rate of compensation.

Awarding attorney fees based on the common fund method has several benefits. First, the percentage method "directly aligns the interests of the class and its counsel" because it provides an incentive to attorneys to resolve the case efficiently and to create the largest common fund out of which payments to the class can be made. Wal-Mart Stores, 396 F.3d at 122; Goldberger v. Integrated Resources Inc., 209 F.3d 43, 47-50 (2nd Cir. 2000). The percentage method is also closely aligned with market practices because it "mimics the compensation system actually used by individual clients to compensate their attorneys." In re Sumitomo Copper Litigation, 74 F. Supp. 2d 393, 397 (S.D.N.Y. 1999).

Second, the percentage-of-the-fund method promotes early resolution. It "provides a powerful incentive for the efficient prosecution and early resolution of the litigation." Wal-Mart Stores, 396 F.3d at 122; *see also* In re Ramp Corp. Securities Litigation, 2008 WL 58938, at *2 n.2; In re Polaroid ERISA Litigation, 2007 WL 2116398, at *2; Velez, 2007 WL 7232783, at *7. The percentage method discourages plaintiffs' lawyers from running up their billable hours, one of the most significant downsides of the lodestar method. *See generally* Karpus v. Borelli (In re Interpublic Securities Litigation), Index No. 03-cv-1194(DLC), 2004 WL 2397190, at *11 (S.D.N.Y. Oct. 26, 2004).

Third, the percentage method preserves judicial resources because it "relieves the court of the cumbersome, enervating, and often surrealistic process of evaluating fee petitions." Id.

(*quoting* Savoie v. Merchants Bank, 166 F.3d 456, 461 n.4 (2nd Cir. 1999)).

As the hallmark of an award of attorneys' fees is still one of reasonableness, Courts still assess several factors to determine whether the percentage method provides for a reasonable fee. These factors can vary but typically include: (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of litigation; (4) the quality of representation and degree of success; and (5) public policy considerations. *See e.g.* Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 184 (2nd Cir. 2008); Barfield v. New York City Health and Hospitals Corp. 537 F.3d 132, 152 (2nd Cir. 2008); Goldberger, 209 F.3d 43 (2nd Cir. 2000); Clover v. Shiva Realty of Mulberry, Inc., No. 10 Civ. 1702(RPP), 2011 U.S. Dist LEXIS 51697, *5-6 (S.D.N.Y. May 13, 2011). All of the aforementioned factors weigh heavily in favor of Class Counsel's fee application.

**1. Class Counsel's Time and Labor**

Class Counsel expended significant effort, and took considerable risk, achieving the settlement in this action. While this case did not go to trial, it was, together with the time expended by Class Counsel in the resolution of the compensation in the United States Department of Labor case, a complex wage and hour class action lasting two and ½ years that was vigorously contested by Defendants. Class Counsel spent considerable time communicating with the named plaintiffs, opt-in plaintiffs and numerous other present and former employees regarding their respective work histories, claims and the substance of the proposed settlement.

Class Counsel also spent considerable time negotiating a settlement with Defendants, which included reviewing time records, payroll records and other documentation, and speaking with clients about their claims. Class Counsel then had to prepare the settlement agreement, file a motion for preliminary approval of settlement, and facilitate the claims procedures for class

6

members.

In total, Class Counsel performed more than 614.25 hours prosecuting this case through settlement as evidenced by the T&S bills (Tobia Decl. Exhibit "F"). This figure does not include much of the time Class Counsel has devoted to this fee application, or the time that will be devoted to the final administration of the settlement process, including distribution of the settlement proceeds. These hours are reasonable for a case like this one that was heavily litigated for over two years, involved extensive time records and payroll records, and a class of approximately 230 workers.

### 2. Magnitude and Complexity of the Litigation

The size and difficulty of the issues in a case are significant factors to be considered in making a fee award. Goldberger, 209 F.3d at 50 while this was not a large case, Class Counsel's time spent in two years of direct and collateral work to the United States Department of Labor case was substantial; In re Prudential Securities Inc. Ltd. Partnership Litig., 912 F. Supp. 97, 100 (S.D.N.Y. 1996).

While all wage and hour cases involve complex issues, this case in particular was difficult as much of the damage calculations were based on "off the clock" time and inaccurate payroll and time records. An analysis of the legal complexities of the issues at hand in this case make it abundantly clear that the "magnitude and complexities of the litigation" weigh in favor of granting Plaintiffs' application for attorneys' fees.

### 3. Risk of Litigation

The risk of litigation is also a critical factor in determining a fee award. Uncertainty that an ultimate recovery will be obtained is highly relevant in determining the reasonableness of an

award. City of Detroit v. Grinnell Corp., 495 F.2d 448, 470 (2d Cir. 1974). "[D]espite the most rigorous and competent of efforts, success is never guaranteed." Id. at 471.

Understanding this risk, Class Counsel undertook to prosecute this action without any assurance of payment for their services, litigating this case on a wholly contingent basis.

### 4. Quality of Representation

"To determine the 'quality of the representation,' courts review, among other things, the recovery obtained and the backgrounds of the lawyers involved in the lawsuit." Taft v. Ackermans, Index No. 02-cv-7951(PKL), 2007 WL 414493, at *10 (S.D.N.Y. Jan. 31, 2007) (*citing* In re Global Crossing Securities & ERISA Litigation, 225 F.R.D. 436, 467 (S.D.N.Y. 2004).

The settlement represents a good value given the risk of litigation in this action and represents a substantial amount that could have been obtained by the Class had this action proceeded fully to trial. The settlement amounts will further be available to Class Members without the uncertainty and delay of trial. Perhaps most importantly, the Class Members will each receive 100% of their allocated share of the settlement. No portion of their respective allocations will go for professional fees and costs.

Class Counsel has extensive experience in labor law related matters. T&S has handled many other such actions. Attached to the Tobia Declaration as Exhibit "E" is an extensive firm resume for Mr. Tobia, Jill Tobia Sorger, Esq. and Michael A. DeMarco, Esq. Mr. Tobia has vast experience with trade unions; public agencies as labor counsel, including the New Jersey Turnpike Authority.

There can be no doubt that, in achieving a reasonable recovery that Plaintiffs could have hoped to achieve had this case been successfully prosecuted at trial, Class Counsel here provided

excellent representation to the Class. This substantially weighs in favor of Plaintiffs' application for attorneys' fees.

### 5. Public Policy Considerations

Public policy considerations also weigh in favor of granting Class Counsel's requested fees. In rendering awards of attorneys' fees, "the Second Circuit and courts in this district also have taken into account the social and economic value of class actions, and the need to encourage experienced and able counsel to undertake such litigation." In re Sumitomo Copper Litigation, 74 F. Supp. 2d 393, 399 (S.D.N.Y. 1999). The Fair Labor Standards Act and state wage and hour laws are remedial statutes designed to protect the wages of workers. *See* A.H. Phillips v. Walling, 324 U.S. 490, 493 (1945) (recognizing the FLSA's objective of ensuring that every employee receives "a fair day's pay for a fair day's work"). Fair compensation for attorneys who prosecute those rights by taking on such litigation furthers the remedial purpose of those statutes.

Courts have recognized that fee awards in cases like this serve the dual purposes of encouraging "private attorneys general" to seek redress for violations and discourage future misconduct of a similar nature. *See* Deposit Guarantee National Bank v. Roper, 445 U.S. 326, 338-39 (1980); *see also* Dolgow v. Anderson, 43 F.R.D. 472, 487 (E.D.N.Y. 1968), *reversed and remanded on other grounds*, 438 F.2d 825 (2d Cir. 1970). Where relatively small claims can only be prosecuted through aggregate litigation, as in this case, attorneys who fill the private attorney general role must be adequately compensated for their efforts. If not, wage and hour abuses would go without remedy because attorneys would be unwilling to take on the risk. Goldberger, 209 F.3d at 51 (commending the general "sentiment in favor of providing lawyers with sufficient incentive to bring…cases that serve the public interest").

### 6. Class Counsel's Rates Are Reasonable

The rates charged by T&S are reasonable and well within the accepted rates for attorneys of commensurate skill in the wage and hour class action field within this district. T&S billed partner Ron Tobia at $450.00 per hour; associates at $250.00 to $350.00 per hour, and paralegals at $125.00 per hour. This is commensurate with (and substantially lower than) rates charged by firms of comparable skill and experience in this field in this District. *See, e.g.*, rate submission of Outten Golden LLP in the matter of Willix v. Healthfirst, 7cv1143 (RER). In fact, similar rates for T&S were recently approved for other class actions firms by Judge Gardephe in Sandoval et al. v. Galaxy Gen. Contr. Corp., et al., No. 10-CV-5771 (S.D.N.Y. Aug. 23, 2013); by Judge Wexler in McBeth, et al. v. Gabrelli Truck Sales Ltd., et al., No. 09-CV-4112 (E.D.N.Y. 2011); Judge Stein in Garcia v. Executive Club, No. 10-cv-1545 (S.D.N.Y. August 29, 2012); Judge Scheindlen in Espinoza, et al. v. 953 Associates LLC, et al., No.10-CV-5517 (S.D.N.Y. Dec. 3, 2012); Judge Gleeson in Perez et al. v. AC Roosevelt Food Corp. et al. (EDNY 10-cv-4824); Judge Friedman in Wojnowski v. Three Generations Contracting Inc, Index No. 60337/2006 (Sup.Ct.N.Y.Co.); Judge York in Flores, et al. v LoSardo General Contractors (Sup.Ct.N.Y.Co.); and Judge Kornreich in Alfaro, et al. v. Vardaris Tech, et al., Index No. 109673/05 (Sup.Ct.N.Y.Co. Commercial Part).

### POINT III:
### THE LODESTAR CROSS CHECK FURTHER SUPPORTS AN AWARD TO CLASS COUNSEL OF ONE-THIRD OF THE SETTLEMENT FUND

When using the percentage method, courts loosely use the lodestar method as a "baseline" or as a "cross check" to further ensure that the attorney fees are reasonable. Goldberger, 209 F.3d at 50 (stating that the Second Circuit "encourages the practice of requiring documentation of hours as a 'cross check' on the reasonableness of the requested percentage.")

When cross checking the attorney fees under the lodestar method, courts are not required to scrutinize the fee records as rigorously. *See e.g.* Goldberger, 209 F.3d at 50; In re Global Crossing Securities & ERISA Litigation, 225 F.R.D. 436, 468 (S.D.N.Y. 2004).

The lodestar method requires multiplying the hours reasonably expended on the case by a reasonable hourly rate. *See e.g.* Hicks v. Morgan Stanley, Index No. 01-cv-10071 (RJH), 2005 WL 2757792, at *10 (S.D.N.Y. Oct. 24, 2005). Courts then consider whether a multiplier is warranted based on the same factors discussed under the percentage method. *See e.g.* In re Boesky Securities Litigation, 888 F. Supp. 551, 562 (S.D.N.Y. 1995); *see also* Goldberger, 209 F.3d at 47; Savoie, 166 F.3d at 460. Courts regularly award lodestar multipliers from 2 to 6 times the lodestar. *See, e.g.,* In re Lloyd's American Trust Fund Litigation, Index No. 96-cv-1262 (RWS), 2002 WL 31663577, at *27 (S.D.N.Y. Nov. 26, 2002) (a "multiplier of 2.09 is at the lower end of the range of multipliers awarded by courts within the Second Circuit").

In this case, Class Counsel's attorney fees have been reduced from over $100,000.00 to $40,000.00. Under the lodestar method, fees would exceed $100,000.00. Class Counsel seeks a lodestar multiplier of below "1" which is substantially below the range awarded by courts in this Circuit. [Tobia Decl., ¶ 16.] Class Counsel spent more than 326.50 hours litigating and settling this matter. The time spent by Class Counsel is described in the accompanying Declaration of Ron Tobia and all work can be seen in Exhibit "F" attached to the Tobia Declaration, which are Class Counsel's contemporaneous time records. As such, the cross check under the lodestar method further supports that Class Counsel's request for attorney fees is reasonable.

## POINT IV:
## CLASS COUNSEL IS ENTITLED TO REIMBURSEMENT OF COSTS

Class Counsel's request for attorney fees in the amount of $40,000.00 includes reimbursement for out of pocket expenses in the amount of $2,306.19. The FLSA and NYLL

11

provide for an award of "costs of the action." 29 U.S.C. § 216(b); NYLL § 663. "Attorneys may be compensated for reasonable out-of-pocket expenses incurred and customarily charged to their clients, as long as they were 'incidental and necessary to the representation' of those clients." In re Independent Energy Holdings PLC Securities Litigation, 302 F. Supp. 2d 180, 183 n.3 (S.D.N.Y. 2003) (citing Miltland Raleigh-Durham v. Myers, 840 F. Supp. 235, 239 (S.D.N.Y. 1993)). Here, Class Counsel's unreimbursed expenses consisted mainly of costs for court filings, incurred, fees, pacer access, legal research, transportation to court appearances and depositions, mailing costs and costs associated with this settlement such as performing skip traces to determine correct mailing addresses, maintaining a database of claimants and calculating settlement damages. Such costs were minimal and necessary to the representation of the Class.

### POINT V
### THE CLASS REPRESENTATIVES ARE ENTITLED TO A MODEST INCENTIVE AWARD FOR REPRESENTING THE CLASS

The Stipulation of Settlement calls for a modest service award of $1,500.00 to the named Plaintiff. "Such service awards are common in class action cases and are important to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiff." Castagna v. Madison Square Garden, L.P., 2011 U.S. Dist. LEXIS 64218 *23-24 (SDNY June 7, 2011). No class members have objected to the service awards.

### CONCLUSION

For the reasons set forth above, Class Counsel respectfully requests that this Court (1) approve the settlement agreement, (2) grant Class Counsel's Request for an award of attorneys' fees in the amount of $40,000.00, which would be inclusive of all costs, (3) provide for an

incentive award to the named plaintiff in the amount of $1,500.00, (4) provide such other relief as the Court sees fit.

Dated: Harrison, New Jersey
       February 27, 2017

**TOBIA & SORGER ESQS., LLC**
*Class Counsel*

By: Ronald L. Tobia, Esq.
500 Supor Boulevard
Harrison, New Jersey 07029
(973) 746-6000

G:\1069-144\Panayioto\Memorandum of Law.doc